I heartily concur in the foregoing opinion, but I think it quite appropriate to relate the remarkable circumstances under which the state was about to lose a total sum of $233,994. *Page 428 
The law of 1923 (Chap. 65) provided that, in making the computation of inheritance taxes, the inheritance tax paid to the federal government should be deducted by the state before computing at the fixed legal rate, i.e., the computation was based on the net inheritance. This law was changed by the legislature of 1927 so as to compute on the gross inheritance; that is to say the federal tax was not deducted in making the computation.
Mr. W.A. Clark, Jr., died in 1934, when the law was in this condition. The legislature of 1935 (Chap. 186) undertook to amend this law. The rules of the House then provided that any changes proposed in a bill should be italicized in such bill. This rule was overlooked, or at least not obeyed, in printing the bill, and the attention of the legislature was therefore not directed to this change. The State Board of Equalization was about to compute the rate based on the law of 1935, i.e., upon the net sum to be distributed. As suggested in the opinion, however, the Constitution (Art. V, sec. 39) provides that where a debt has accrued in favor of the state, the legislature has no authority to change the amount, and as Mr. Clark died in 1934, the attempted change by the legislature of 1935 is determined to be unconstitutional as to this estate by the now unanimous opinion of this court. Undoubtedly we have reached a correct conclusion. Unfortunately, this change from a gross to a net base for computation was not understandingly considered by the legislature of 1935. As the law now stands and as affecting all estates since the Act of 1935, the net distributive estate will be the correct base for all inheritance computations until a change is made.
The legislature of 1937 had this matter under consideration and permitted the law to remain as enacted in 1935; that is, the tax to be computed on the net inheritance as a base. If the legislators fairly understand the importance of this issue, it is well, but it is quite unfair to the state and to the legislators if the matter is not thoroughly understood. There are arguments both for and against; but it seems quite fair to state that when the law was changed in 1935, the legislators did not *Page 429 
understand just what an important change they were making. The clerks or legislators responsible for the failure to italicize the changes made in the Act of 1935 should be severely criticized for the error, especially if it were intentional.